[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13576
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cr-00048-JDW-PRL-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOVAN DEMETRIUS FREDERICKS,
a.k.a. Jovan D. Fredericks,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 26, 2020)

Before WILLIAM PRYOR, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jovan Demetrius Fredericks appeals his convictions for being a felon in possession of a firearm, for possessing narcotics with the intent to distribute, and for possessing a firearm during and in furtherance of a drug trafficking crime. 18 U.S.C. §§ 922(g)(1), 924(e), 924(c)(1)(A)(i); 21 U.S.C. § 841(a)(1), 841(b)(1)(C). Fredericks appeals the denial of his motion to suppress. He argues that the officers violated his right to be free from an unlawful seizure under the Fourth Amendment when they exceeded their authority to conduct an investigatory stop and arrested him without probable cause or a warrant. We affirm.

We review the denial of a motion to suppress evidence as a mixed question of law and fact. *United States v. Perez*, 443 F.3d 772, 774 (11th Cir. 2006). We review rulings of law *de novo* and related findings of fact for clear error. *Id.*

The district court did not err by denying Fredericks's motion to suppress. As Officer Erik Cabrales of the Ocala Police Department and Officer Rodriguez patrolled an apartment complex known for violence and drug sales, they observed Fredericks sitting outside holding a cigarette that had been hand-rolled in brown paper. Cabrales noticed Fredericks was partially concealing the brown, hand-rolled cigarette in the palm of his left hand. So he asked Fredericks what he had in his hand, but Fredericks did not respond. Cabrales asked again, and Fredericks displayed a cigarette lighter in his other hand but continued to conceal the cigarette. The district court found after viewing body-camera video from the

officers that Cabrales then told Fredericks, "I see what you got in your hand, Man. I could see it from where I was at." At this point, the officers "ha[d] a reasonable, articulable suspicion that criminal activity [was] afoot," *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000), and could detain Fredericks to investigate.

Cabrales asked Fredericks to stand up. But when Fredericks stood, he abruptly reached behind his back with his hand that was holding the cigarette. Cabrales grabbed Fredericks's arm to prevent him from reaching behind his back. As Cabrales did so, he felt a bulge on Fredericks's right hip, which he suspected was a firearm. Cabrales immediately advised Rodriguez, "He's got a gun on him." For their safety, the officers placed Fredericks in handcuffs before removing the concealed firearm from Fredericks's waist. The officers had the right to handcuff Fredericks to ensure their safety and to complete their investigation. Cabrales also had probable cause to arrest Fredericks based on the firearm concealed under Fredericks's shirt. *See* Fla. Stat. § 790.01(2) ("A person who carries a concealed firearm on or about his or her person commits a felony of the third degree"); Fla. Stat. § 790.001(2) (defining "concealed firearm" as "any firearm . . . which is carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person"). As the officers escorted Fredericks to a patrol car, he tugged repeatedly at a pocket, from which the officers had the right to seize

a black pouch containing methylenedioxymethamphetamine,[1] marijuana, cocaine, and heroin.

We **AFFIRM** Fredericks's convictions.

---

[1] After the incident, law enforcement tested the substance in the cigarette Fredericks was holding when Cabrales and Rodriguez encountered him.  It also contained methylenedioxy methamphetamine.